

1  John L. Burris, Esq. SBN69888
2  Benjamin Nisenbaum, Esq. SBN222173
   LAW OFFICES OF JOHN L. BURRIS
3  7677 Oakport Street, Suite 1120
   Oakland, CA  94621
   Telephone: (510) 839-5200
4  Facsimile: (510) 839-3882
   Email: john.burris@johnburrislaw.com
5         bnisenbaum@gmail.com

6  Attorneys for Plaintiffs
   RITA SERRATO, et al.

7

8

9              UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

| | |
|---|---|
| RITA SERRATO; ELIZABETH SERRATO, CLAUDIA SERRATO; DIANA SERRATO; I.S., a minor, individually and as successor-in-interest to Decedent ROGELIO SERRATO, JR., through her Guardian Ad Litem, EVELYN BELTRAN, and D.B., a minor, individually and as successor-in-interest to Decedent ROGELIO SERRATO, JR., through his Guardian Ad Litem, EVELYN BELTRAN, | Case No. CV11-04106 PSG<br><br>COMPLAINT FOR DAMAGES<br><br>[JURY TRIAL DEMANDED] |
| Plaintiffs, | |
| vs. | |
| COUNTY OF MONTEREY, a municipal corporation; SCOTT MILLER, individually and in his official capacity as Sheriff; CHARLES MONARQUE, individually and in his official capacity as a Captain; KEVIN OAKLEY, individually and in his official capacity as a Commander; GARRET SANDERS, individually and in his official capacity as a Sergeant; JOSEPH BANUELOS, individually and in his official capacity as a Sergeant; RANDY RAGSAC, individually and in his official capacity as a Sergeant; AL MARTINEZ, individually and in his official capacity as a Detective; MARK SIEVERS, individually and in his official capacity as a Deputy;  and DOES 1-100, inclusive, | |
| Defendants. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, §1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§1331 and 1343.  The unlawful acts and practices alleged herein occurred in the County of Monterey, California, which is within this judicial district.

## PARTIES

2.     Plaintiff **RITA SERRATO** is and was at all times mentioned herein the mother of Decedent ROGELIO SERRATO, JR. Plaintiff RITA SERRATO is a citizen of the United States residing in the City of Greenfield in California. All Plaintiffs and Decedent are readily recognizable as Hispanic-American.

3.     Plaintiff **ELIZABETH SERRATO** is and was at all times mentioned herein the sister of Decedent ROGELIO SERRATO, JR. Plaintiff ELIZABETH SERRATO is a citizen of the United States residing in the City of Greenfield in California.

4.     Plaintiff **CLAUDIA SERRATO** is and was at all times mentioned herein the sister of Decedent ROGELIO SERRATO, JR. Plaintiff CLAUDIA SERRATO is a citizen of the United States residing in the City of Greenfield in California.

5.     Plaintiff **DIANA SERRATO** is and was at all times mentioned herein the sister of Decedent ROGELIO SERRATO, JR. Plaintiff DIANA SERRATO is a citizen of the United States residing in the City of Greenfield in California.

6.     Minor Plaintiff **I.S.** is the minor daughter of Decedent ROGELIO SERRATO, JR.  Minor Plaintiff I.S. is a citizen of the United States, residing in the City of Greenfield in California.

1  She is being represented in this action by her mother and

2  Guardian Ad Litem, EVELYN BELTRAN.  Minor Plaintiff I.S. is

3  Decedent ROGELIO SERRATO, JR.'s successor-in-interest.

4      7.   Minor Plaintiff **D.B.** is the minor son of Decedent

5  ROGELIO SERRATO, JR.  Minor Plaintiff D.B. is a citizen of the

6  United States, residing in the City of Greenfield in

7  California.  He is being represented in this action by his

8  mother and Guardian Ad Litem, EVELYN BELTRAN. Minor Plaintiff

9  D.B. is Decedent ROGELIO SERRATO, JR.'s successor-in-interest.

10      8.   Defendant **COUNTY OF MONTEREY** ("COUNTY") is a municipal

11  corporation, duly organized and existing under the laws of the

12  State of California. Under its authority, the COUNTY operates

13  the Monterey County Sheriff's Department.

14      9.   At all times mentioned herein, Defendant **SCOTT MILLER**

15  ("MILLER") was employed by Defendant COUNTY as Sheriff for the

16  COUNTY. He is being sued in his individual capacity and in his

17  official capacity as Sheriff for the COUNTY.

18      10.  Defendant **CHARLES MONARQUE** ("MONARQUE" herein), is and

19  was at all times herein mentioned a Captain employed by

20  Defendant COUNTY OF MONTEREY. He is being sued individually and

21  in his official capacity as a Captain for the COUNTY.

22      11.  Defendant **KEVIN OAKLEY** ("OAKLEY") is and was at all

23  times herein mentioned a Commander employed by Defendant COUNTY

24  OF MONTEREY.  He is being sued in his individual capacity and

25  in his official capacity as a Commander for the COUNTY.

26      12.  Defendant **GARRETT SANDERS** ("SANDERS") is and was at

27  all times herein mentioned a Sergeant employed by Defendant

28

COMPLAINT FOR DAMAGES            3

1  COUNTY OF MONTEREY. He is being sued in his individual capacity
2  and in his official capacity as a Sergeant for the COUNTY.

3       13.  Defendant **JOSEPH BANUELOS** ("BANUELOS") is and was at
4  all times mentioned herein a Sergeant employed by Defendant
5  COUNTY OF MONTEREY. He is being sued in his individual capacity
6  and in his official capacity as a Sergeant for the COUNTY.

7       14.  Defendant **RANDY RAGSAC** ("RAGSAC") is and was at all
8  times mentioned herein a Sergeant employed by Defendant COUNTY
9  OF MONTEREY. He is being sued in his individual capacity and in
10 his official capacity as a Sergeant for the COUNTY.

11      15.  Defendant **AL MARTINEZ** ("MARTINEZ") is and was at all
12 times mentioned herein a Detective employed by the COUNTY OF
13 MONTEREY. He is being sued in his individual capacity and in
14 his official capacity as a Detective for the COUNTY.

15      16.  Defendant **MARK SIEVERS** ("SIEVERS") is and was at all
16 times mentioned herein a Deputy employed by the COUNTY OF
17 MONTEREY. He is being sued in his individual capacity and in
18 his official capacity as a Deputy for the COUNTY.

19      17.  Plaintiff is ignorant of the true names and capacities
20 of Defendants DOES 1 through 100, inclusive, and therefore sues
21 these defendants by such fictitious names. Plaintiff is
22 informed and believes and thereon alleges that each Defendant so
23 named is responsible in some manner for the injuries and damages
24 sustained by Plaintiffs as set forth herein. Plaintiffs will
25 amend their complaint to state the names and capacities of DOES
26 1-100, inclusive, when they have been ascertained.

27      18.  In engaging in the conduct described herein,
28 Defendants acted under the color of law and in the course and

scope of their employment with the COUNTY.   In engaging in the conduct described herein, Defendants exceeded the authority vested in them as peace officers under the United States and California Constitutions and as peace officers employed by Defendant COUNTY.

19.   Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have complied with all such requirements.

## STATEMENT OF FACTS

20.   On the morning of January 5, 2011, Decedent ROGELIO SERRATO, JR. was killed at his home by Defendant MONTEREY COUNTY Sheriff's Office personnel following an outrageous, conscience-shocking, and totally illegitimate use of a "flash-bang" grenade.   A flash bang grenade is an incendiary device that functions essentially as a bomb.   The bomb was thrown inside his residence, and allowed to set fire to upholstery inside the residence.   The fire ultimately engulfed Decedent's and Plaintiffs' home at 228 San Antonio Drive in Greenfield, California. Decedent died from smoke-inhalation, and Plaintiffs were present at the scene as their home burned up, with their respective son and brother inside the home.   The extreme and egregious departures from accepted and standard law enforcement use of the "flash bang" grenade occurred in the presence of Decedent's family-members, including Plaintiffs RITA SERRATO, ELIZABETH SERRATO, CLAUDIA SERRATO, and DIANA SERRATO, who were each present when Defendants failed to take any significant measures to prevent a fire set by their own bomb inside

1   Plaintiffs' and Decedent's home.  In fact, it was Defendants'
2   stated intention to use the bomb to "smoke" Decedent out of the
3   house.  Although Defendants possessed a warrant authorizing
4   service of a search warrant at Decedent's and Plaintiffs'
5   residence, the warrant was obtained based on the tragic
6   misidentification of Decedent by police as a suspect in
7   connection to a shooting at the Mucky Duck bar in Monterey
8   several days before.  Decedent had no involvement in the Mucky
9   Duck shooting.  At no time during the subject-incident of the
10  bomb thrown into Decedent and Plaintiffs' residence did
11  Defendants have any legitimate reason to believe Decedent, or
12  anyone else in the residence, was armed.  No arrest warrant had
13  been issued for Decedent.

14       21.  In connection with serving the search warrant on 228
15  San Antonio Drive, Defendant MONARQUE, a high-ranking Captain in
16  the Monterey County Sheriff's Office, determined that the
17  Sheriff's Office SWAT team should be used to effect entry into
18  the residence.  Defendant Sheriff MILLER personally was
19  notified, and presumably approved, the plan developed by
20  Defendants MONARQUE, SANDERS, BANUELOS, and OAKLEY, to throw a
21  bomb into Decedent and Plaintiff's residence to "smoke" Decedent
22  out from inside the residence.

23       22.  The MONTEREY COUNTY sheriff's office SWAT team
24  surrounded Decedent's and Plaintiffs' residence.  A "bearcat"
25  military combat tactical vehicle was employed at the scene,
26  while a Hostage Negotiation team used a loudspeaker to tell
27  Decedent to surrender to them.  Based on the statements of
28  family members and neighbors present at the scene, Defendants

COMPLAINT FOR DAMAGES                6

1  reasonably believed Decedent was present inside the residence.
2  Although Defendants were informed that Decedent might be
3  mentally impaired or intoxicated, they received no indication
4  that Decedent was a threat to himself or anyone else.  Decedent
5  did not communicate with Defendants.

6      23.  The on-scene leaders of this debacle, Defendants
7  SANDERS, OAKLEY, and MONARQUE, decided to order that a bomb
8  (euphemistically, somewhat misleadingly, called a "flash-bang
9  device") be placed inside and ignited in the front living room
10 of Plaintiffs' and Decedent's residence.  The interior of the
11 living room was visible to Defendants through a large window
12 that faced the street.  An ornamented Christmas tree was
13 immediately visible in the front window of the living room.
14 Furniture, including two couches and other flammable items were
15 also visible through the front living room.

16     24.  The reasoning of the on-scene leaders, Defendants
17 SANDERS, OAKLEY and MONARQUE for deploying the bomb inside
18 Plaintiffs' and Decedent's residence was that they had
19 previously employed the bomb in the same manner and it had
20 previously effectively "smoked out" people who had been hiding
21 inside buildings where they deployed this type of bomb.  Thus,
22 based on Defendant COUNTY's practice, and written or unwritten
23 policy, Defendant SANDERS, OAKLEY and MONARQUE ordered the
24 incendiary bomb to be placed inside Plaintiffs' and Decedent's
25 residence, near multiple obvious fire hazards, with no immediate
26 means available to extinguish the bomb or fires it might set
27 inside the residence, while reasonably aware that at least one
28 person, not believed to be armed or threatening, was inside the

residence, recalcitrant to law enforcement commands to exit the residence, possibly impaired or under the influence, and likely to die should a fire be set inside the residence as a consequence of the ignition of the bomb Defendants SANDERS, OAKLEY and MONARQUE ordered placed inside the residence and ignited.

25. In order to place the bomb inside the residence, Defendant Deputy MARTINEZ broke the front living room window, and Defendant Deputy SIEVERS threw the bomb through the broken window into the front living room, on or near the two obviously flammable sofas. Any visual observation into the window of the front living room would have disclosed obvious fire hazards noted herein, including a Christmas tree and two couches, among other flammable items. Although there was no indication Decedent or anyone other than law enforcement was armed, Defendants RAGSAC and BANUELOS used their firearms to provide cover for the team that broke the window and lobbed the bomb inside the residence.

26. Then, Defendants simply waited. No one forced entry to ensure the bomb did not set a fire. No one attempted to prevent the bomb from igniting a fire. No steps were taken in the placement or ignition of the bomb to reduce or eliminate the possibility of a fire being set by the bomb's ignition.

27. Minutes after the bomb ignited, Defendants observed dark smoke and fire coming from the location where Defendant SIEVERS had placed and ignited the bomb. After the house had caught fire, Decedent ROGELIO SERRATO, JR.'s screams of agony

1 | coming from inside the house were heard by Defendants, other
2 | officers, and by Plaintiffs, who were all gathered at the scene.
3 | 28. Instead of trying to extinguish the fire and perhaps
4 | save Decedent's life, Defendant BANUELOS shouted the word
5 | "Suspect!" and directed the SWAT officers at the scene to
6 | retreat into the bearcat military combat vehicle. Defendants
7 | waited for the Fire Department to arrive, with their weapons
8 | pointed at the burning residence.
9 | 29. Defendants waited a very long time for the Fire
10 | Department arrival. Not because the Fire truck was far away, but
11 | because Defendants had blocked access to Decedent's and
12 | Plaintiffs' residence with one of their SWAT vehicles. By the
13 | time the Fire Department had the fire controlled, about half an
14 | hour later, Decedent ROGELIO SERRATO, JR. was dead from smoke
15 | inhalation. He had been hiding in a crawlspace above the garage.
16 | 30. Plaintiffs were present outside their residence and
17 | were contemporaneously aware of Decedent's pain and suffering,
18 | and ultimately Decedent's death at the hands of Defendants.
19 | Plaintiffs suffered severe emotional distress as a consequence
20 | Defendants negligent and/or intentional misconduct.
21 | 30. Plaintiffs alleges defendants grossly violated the
22 | training and standards involved in making reasonable searches
23 | and seizures of subjects, and especially in using the flash-bang
24 | grenade in the manner described herein, which also violated
25 | standard training, established legal precedent, and manufacturer
26 | guidelines concerning the use of the flash bang grenade. In
27 | fact, the 9th Circuit Court of Appeals has referred to the flash-
28 |

bang grenade as a "bomb."   These violations by Defendants caused Decedent's death.

31.  Plaintiffs further allege that Decedent's death was the proximate result of Defendant COUNTY's failure to reasonably train their peace officers in the proper and reasonable use of force, effecting entries into residences, the proper and reasonable deployment of flash bang grenades, the proper and reasonable apprehension of barricaded subjects, and in responding to mentally impaired or intoxicated subjects. Plaintiffs further allege that these substantial failures reflect Defendant COUNTY's policies implicitly ratifying and/or authorizing the use of excessive force, unreasonable seizures, unreasonable uses of the flash bang grenade, and the failure to render medical care or provide for medical care to subjects placed in emergency medical jeopardy by its peace officer employees.

32.  The killing of decedent ROGELIO SERRATO, JR. described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' and Decedents' injuries and resulting damages.

**DAMAGES**

33.   Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent ROGELIO SERRATO's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs

are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. §§377.60 and 377.61

34. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. §§377.60 and 377.61 and Probate Code §6402(b).

35. Pursuant to C.C.P. §§ 377.30, 377.32, and 377.34, plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered, for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. Furthermore, under 42 U.S.C. §1983, Plaintiffs are entitled to recover damages incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

36. As a further direct and proximate result of the negligence, unreasonable seizure and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Decedent's financial support.

37. The conduct of the defendant officers was malicious, wanton, and oppressive. Minor Plaintiffs I.S. and D.M., as decedent's successor in interest, are therefore entitled to an award of punitive damages against said individual defendants.

38. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code §1988.

### FIRST CAUSE OF ACTION
(Wrongful Death 42 U.S.C. §1983
Violation of Decedent's Fourth Amendment rights against
unreasonable search and seizure)

39.   Plaintiffs hereby re-allege and incorporate by
reference herein paragraphs 1 through 38 of this Complaint.

40.   Defendants acted under color of law by killing
decedent without lawful justification and subjecting decedent to
excessive force thereby depriving Plaintiffs and the decedent of
certain constitutionally protected rights, including, but not
limited to:

a.    The right to be free from unreasonable searches and
      seizures, as guaranteed by the Fourth and Fourteenth
      Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set
forth.

### SECOND CAUSE OF ACTION
(Violations of Plaintiffs RITA SERRATO, I.S., and D.B.'s, civil
rights to familial relationship - 42 U.S.C. §1983)

41.   Plaintiffs hereby re-allege and incorporate by
reference herein paragraphs 1 through 40 of this Complaint.

42.   Defendants, acting under color of law, and without due
process of law deprived Plaintiffs of their right to a familial
relationship by seizing decedent by use of unreasonable,
unjustified, and/or deadly force and violence, causing injuries

which resulted in decedent's death, all without provocation and

did attempt to conceal their extraordinary use of force and hide

the true cause of decedent's demise to deprive Plaintiffs of

their right to seek redress, all in violation of rights,

privileges, and immunities secured by the Fourth and Fourteenth

Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set

forth.

### THIRD CAUSE OF ACTION
(*Monell* - 42 U.S.C. §1983)

43. Plaintiff hereby re-alleges and incorporates by

reference herein paragraphs 1 through 42 of this Complaint.

44. Plaintiffs are informed and believe and thereon allege

that high ranking COUNTY OF MONTEREY officials, including high

ranking police supervisors such as Defendant MILLER, DOES 51

through 100, and/or each of them, knew and/or reasonably should

have known about repeated acts of misconduct by Defendants

MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS,

and DOES 1-50, and/or each of them.

45. Despite having such notice, Plaintiffs are informed

and believe and thereon allege that Defendants MILLER, DOES 51-

100, and/or each of them, approved, ratified, condoned,

encouraged, sought to cover up, and/or tacitly authorized the

continuing pattern and practice of misconduct and/or civil rights violations by said defendants.

46. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50 and/or each of them, Defendant MILLER, DOES 51-100, and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiffs' and Decedent's rights as alleged herein.

47. Plaintiffs further allege Defendants MILLER, DOES 51-100, and/or each of them, were notice of Constitutional defects in their training of COUNTY OF MENDOCINO peace officers, including, but not limited to, in the deployment, placement, use, and/or ignition of the flash bang grenade, responding to mentally impaired or intoxicated subjects, responding to barricaded subjects, and in providing for medical care for subjects placed in harm or jeopardy by the actions of COUNTY OF MENDOCINO peace officers.

48. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking COUNTY OF MENDOCINO officials, including high ranking COUNTY OF MENDOCINO Sheriff's Department supervisors, Defendants MILLER, DOES 51-100, and each

of them resulted in the deprivation of Plaintiffs' and Decedent's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution.

49. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Survival Action:Violation of decedent's civil rights 42 U.S.C. §1983)
(Minor Plaintiffs I.S. and D.M., as decedent's successor-in-interest)

50. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 49 of this Complaint.

51. The foregoing claim for relief arose in decedent's favor, and decedent would have been the Plaintiff with respect to this claim if he had lived.

52. Defendants acted under color of law in killing decedent without lawful justification and subjecting decedent to

excessive force and unreasonable search and seizure, thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right to a familial relationship, as guaranteed by the Fourteenth Amendment to the United States Constitution.

53.  Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(C.C.P. sections 377.60 and 377.61)
Wrongful Death- Negligence

54.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 53 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

55.  Defendants COUNTY, by and through its agents and employees,  Defendants MONARQUE, OAKLEY, SANDERS, BANUELOS,

RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50's, and/or each of them, negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of decedent ROGELIO SERRATO, JR.

56. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, consortium, attention, services, and support of the decedent, in an amount according to proof at trial.

57. As a further actual and proximate result of said defendant's negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

58. Pursuant to California C.C.P. sections 377.60 and 377.61, plaintiffs have brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
#### (Negligence)
(Plaintiffs RITA SERRATO, ELIZABETH SERRATO, CLAUDIA SERRATO, DIANA SERRATO, Minor I.S., and Minor D.B. against Defendants COUNTY, MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50)

59. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 58 of this complaint, except for any

COMPLAINT FOR DAMAGES          17

and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

60.    At all times herein mentioned, Defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50, inclusive, were subject to a duty of care to avoid causing unnecessary damage to real and personal property through their use of force, making of arrests, and conduct of duties.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiffs to suffer injuries and damages as set forth herein, including, but not limited to, loss or damage to real and personal property. Pursuant to Government Code section 815.2(a), Defendant COUNTY is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

61.    As a proximate result of Defendants' negligent conduct, Plaintiffs suffered loss and damage to real and personal property, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Violation of Civil Code section 51.7)
(Against defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50)

62. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 61 of this complaint.

63. Plaintiffs are informed and believe and thereon allege that the conduct of defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50's, inclusive, as described herein, was motivated by racial prejudice against plaintiffs' decedent. Plaintiffs and decedent were and are readily recognizable as Hispanic-American. In engaging in such conduct, defendants violated plaintiffs' and decedent's rights under California Civil Code section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

64. Under the provisions of California Civil Code §52(b), defendants are liable an additional $25,000.00 for each violation of Civil Code section 51.7, for punitive damages and for reasonable attorney's fees.

65. As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
(Violation of Civil Code section 52.1)
(Against Defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50,)

66.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 65 of this Complaint.

67.   The conduct of Defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50, inclusive, as described herein, acting in the course and scope of their employment for Defendant COUNTY, violated California Civil Code section 52.1, in that through the wrongful assault and battery and killing of plaintiff's decedent they interfered with plaintiff's decedent's exercise and enjoyment of his civil rights.

68.   As a direct and proximate result of defendants' violation of Civil Code section 52.1, decedent suffered violation of his constitutional rights, and suffered damages as set forth herein.

69.   Since this conduct occurred in the course and scope of their employment, defendant COUNTY is therefore liable to plaintiffs pursuant to respondeat superior.

70.   Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Assault and Battery-Wrongful Death)
(Against defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50,)

71. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 70 of this Complaint.

72. Defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50, inclusive, placed plaintiffs' decedent in immediate fear of death and severe bodily harm, and killed him, by setting his house on fire without just provocation or cause.

73. These defendants' conduct was neither privileged nor justified under statute or common law.

### TENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Plaintiffs RITA SERRATO, ELIZABETH SERRATO, CLAUDIA SERRATO, DIANA SERRATO, Minor I.S., and Minor D.B. against Defendants COUNTY, MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50)

74. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 73 of this Complaint.

75. The wrongful conduct of Defendants MONARQUE, OAKLEY, SANDERS, BANUELOS, RAGSAC, MARTINEZ, SIEVERS, and DOES 1-50 as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of said Plaintiffs. Plaintiffs RITA SERRATO, ELIZABETH SERRATO, CLAUDIA SERRATO,

## JURY DEMAND

77.    Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.    For general damages in a sum of $50,000,000.00;

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5.    For statutory civil penalties;

6.    For injunctive relief;

7.    For cost of suit herein incurred; and

8.    For such other and further relief as the Court deems just and proper.

Dated:    August 3, 2011          THE LAW OFFICES OF JOHN L. BURRIS

By: _____
    John L. Burris, Esq.
    Benjamin Nisenbaum, Esq.
    Attorneys for Plaintiffs
    RITA SERRATO; ELIZABETH SERRATO,
    CLAUDIA SERRATO; DIANA SERRATO;
    I.S.by and through her Guardian
    Ad Litem, EVELYN BELTRAN; and
    D.B. by and through his Guardian
    Ad Litem, EVELYN BELTRAN